(C.D. 3062)

MANOR BICYCLE & CARRIAGE CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 20, 1967)

*Brooks & Brooks* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the instant protest consists of baby carriages which were assessed with duty at the rate of 19 per centum ad valorem pursuant to the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as articles of metal, not specially provided for, composed wholly or in chief value of steel.

It is claimed in said protest that said merchandise is more specifically provided for in paragraph 397 of said act, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, as carriages, in chief value of steel, dutiable at the rate of 17 per centum ad valorem.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court:

1.  that the merchandise herein consists of baby carriages, in chief value of steel, covered by entry 876500 of November 26, 1962

2.  that said baby carriages were assessed with duty at the rate of 19 per centum ad valorem under paragraph 397, Tariff Act of 1930, as modified by T.D. 54108, under the provision for

    *                          *                          *

    Articles * * * not specially provided for, whether partly or wholly manufactured:

    *                          *                          *
    *                          *                          *

    Composed wholly or in chief value of * * * steel * * *

    *                          *                          *

    Not wholly or in chief value of tin or tin plate

    *                          *                          *

    Other, composed wholly
    or in chief value of
    * * * steel, * * *
    (except * * *) _____ 19% ad val.

3.  that prior to the time the involved entry had been filed the rate of 19%, applied by the Collector of Customs, had been reduced to 17% ad valorem under Presidential Proclamation

No. 3468 which modified the pertinent provisions of said paragraph 397 as follows (97 Treas. Dec. 157, 350, T.D. 55615):

\* \* \*

> Articles \* \* \* not specially provided for, composed wholly or in chief value of \* \* \* steel \* \* \* (except lead, tin or tin plate), partly or wholly manufactured, not plated with platinum, gold or silver, and not colored with gold lacquer:

> \* . \* \*

> Carriages, \* \* \* _____ 17% ad val.

4. that the above rate of 17% ad valorem became the binding rate for such baby carriages on July 1, 1962 by virtue of Presidential memorandum, dated June 20, 1962, 97 Treas. Dec. 430, 487–489, T.D. 55649, and

5. that the instant protest may be submitted on the basis of this stipulation of fact.

In view of the agreed facts, the phraseology of the provision as modified, and the dictionary definitions of the word "carriage," we hold the merchandise here in question to be dutiable at the rate of 17 per centum ad valorem within the provisions of paragraph 397 of said act, as modified, *supra*, as carriages, in chief value of steel. The claim in the protest to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.